McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Joseph P. LaSala, Esq.
William O'Connor, Jr., Esq.
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
Telephone # (973) 993-8100
Facsimile # (973) 425-0161
Attorneys for Plaintiff, Net2Phone, Inc.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NET2PHONE, INC.<br><br>**Plaintiff,**<br><br>vs.<br><br>EBAY, INC., SKYPE TECHNOLOGIES SA, SKYPE, INC. and JOHN DOES 1-10,<br><br>**Defendants.** | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CIVIL ACTION NO.<br><br>CIVIL ACTION NO.<br><br><br>**COMPLAINT** |

Plaintiff, Net2Phone, Inc. ("Plaintiff" and/or "Net2Phone"), by way of its Complaint against eBay Inc. ("eBay"), Skype Technologies SA, Skype Inc. ("Skype") and John Does 1-10 (collectively "Defendants"), alleges as follows:

### NATURE OF ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

816383_1

## THE PARTIES

2. Net2Phone is a Delaware corporation with a corporate headquarters located at 520 Broad Street, Newark, New Jersey 07102.

3. Upon information and belief, eBay is a Delaware corporation having an address and a place of business at 2145 Hamilton Avenue, San Jose, California 95125.

4. Upon information and belief, Skype Technologies SA is a Luxembourg corporation having an address in Luxembourg and Skype is a Delaware corporation having an address and a place of business at 2145 Hamilton Avenue, San Jose, California 95125.

5. Upon Information and belief, eBay transacts business in this judicial district, and this Court has personal jurisdiction over eBay.

6. Upon Information and belief, Skype transacts business in this judicial district, and this Court therefore has personal jurisdiction over Skype.

7. Skype is engaged in the business of providing Voice over Internet Protocol ("VoIP") peer-to-peer communication products and services and other related products and services to users located around the world. As part of Skype's overall business, Skype provides its users with the means to make free, unlimited global telephone calls to other Skype users over the internet using peer-to-peer software.

8. By virtue of eBay's acquisition of all of Skype's outstanding shares in 2005, Skype became a wholly-owned subsidiary of eBay.

9. Upon information and belief, eBay operates and otherwise controls the actions of Skype, and develops products and services in conjunction with Skype to offer to Skype's users.

10. Upon information and belief, Defendants John Does 1-10 are business entities whose identities are presently unknown to Net2Phone. Upon information and belief, John Does

1-10 are engaged in the business of selling, distributing and/or providing products and services that infringe Plaintiff's patent that is asserted herein. To the extent their identities become known to Net2Phone, the John Doe defendants will be joined and the activities in which they engaged will be pleaded in an Amended Complaint.

## JURISDICTION AND VENUE

11. Jurisdiction is conferred upon this Court over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338(a).

12. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) and § 1400 because a substantial part of the events giving rise to the claims occurred in this district, Defendants are subject to personal jurisdiction in this judicial district and Defendants may be found in this judicial district.

## COUNT I

**(Patent Infringement Against eBay, Skype Technologies SA, and Skype by Net2Phone)**

13. Net2Phone hereby repeats and re-alleges paragraphs 1 through 12 above as if fully set forth herein.

14. U.S. Patent No. 6,108,704 ("the '704 patent"), a copy of which is attached hereto as Exhibit A, was legally issued on August 22, 2000, and is entitled "Point-To-Point Internet Protocol."

15. Net2Phone is the owner, by assignment, of all right, title and interest in and to the '704 patent.

16. Upon information and belief, Defendants have, *inter alia*, used, provided, offered for sale, sold, and continue to use, provide, offer for sale and sell peer-to-peer communication products and services and other related products and services in the United States.

17. Defendants have infringed and/or have contributed to the infringement by others and/or have induced others to infringe and, unless enjoined, will continue to infringe and/or contribute to the infringement by others and/or induce others to infringe claims of the '704 patent by, *inter alia*, using, providing, selling and/or offering to sell, peer-to-peer communication products and services covered by claims of the '704 patent, or equivalents thereof.

18. Net2Phone has been damaged by Defendants' infringements of the '704 patent in an amount to be determined at trial.

19. The infringement of the '704 patent by Defendants has caused Net2Phone to suffer irreparable harm and injury.

20. The infringement by Defendants of the '704 patent is in direct violation of Net2Phone's right under 35 U.S.C. §271 to exclude others from making, using, selling and/or offering for sale products and services embodying the invention of the '704 patent.

21. Net2Phone has no adequate remedy at law.

22. Net2Phone will continue to suffer irreparable harm unless an injunction is issued enjoining and restraining Defendants from infringing the '704 patent.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for judgment against Defendants as follows:

(a) That an injunction issue permanently enjoining Defendants, and their agents, servants, and employees, and all those in active concert and participation with them, from infringing and contributing to the infringement by others and inducing infringement of the '704 patent;

(b) That Net2Phone be awarded damages in connection with Defendants' infringement, contributory infringement and inducement of infringement of the '704 patent;

(c) That an accounting be had, and judgment be rendered in Plaintiff's favor against Defendants for the gains, profits and advantages derived by it, directly or indirectly, by their unlawful acts of patent infringement, and for damages in an amount adequate to compensate Plaintiff's monetary damages resulting from the wrongful conduct of Defendants, together with costs and interest, as appropriate, and as authorized by any statute or law applicable to any claim made in this Complaint;

(d) That attorney's fees, costs and disbursements incurred in connection with the prosecution of this litigation be awarded to Net2Phone; and

(e) For such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to L.Civ.R. 11.2, the undersigned attorney for Plaintiff, Net2phone, Inc., certifies that to the best of his knowledge, the matter in controversy is not the subject of another action pending in any court or of any arbitration or administrative proceeding.

                              **MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
                              Attorneys for Plaintiff, Net2Phone, Inc.

                              By: /s/ Joseph P. La Sala

Dated: June 1, 2006